ᵣ ⅠⅬ Ε Ꭰ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

00 MAR 31  PM 4:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| RICHARD L. CHALAL, M.D., | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 98-B-2687-NW |
| | } | |
| NORTHWEST MEDICAL CENTER, | } | |
| INC., | } | |
| | } | **ENTERED** |
| Defendant. | } | APR - 3 2000 |

## MEMORANDUM OPINION

Before the court is Defendant Northwest Medical Center, Inc.'s ("Hospital") Motion for

Attorneys' Fees, pursuant to the attorneys' fee provision of the Health Care Quality Improvement

Act of 1986, 42 U.S.C. § 11113.  In a separate Memorandum Opinion and Order, the court has

entered judgment in favor of the defendant on plaintiff's claims arising from the Hospital's

termination of his medical staff privileges.  Because the Hospital substantially prevailed and the

court has determined that Dr. Chalal's claims were frivolous, unreasonable, without foundation, and

in bad faith, the Hospital's Motion for Attorneys' Fees is due to be granted.[1]

## BACKGROUND

The facts of this case are set forth in the court's memorandum opinion granting summary

judgment, and need not be repeated here.  To summarize, on December 20, 1996, the Hospital

terminated Dr. Chalal's medical staff privileges.  The Hospital's decision was based upon the

adverse recommendations of two physician peer review committees of the Hospital's Medical Staff,

---

[1] Although the court is essentially entering verbatim the proposed Memorandum Opinion
submitted by defendant's counsel with regard to defendant's request for attorneys' fees, the court
is in agreement with every word of the Opinion as entered.

51

both of which recommended denying privileges in light of a number of clinical incidents in which Dr. Chalal's patients suffered poor outcomes. Dr. Chalal noticed an appeal of the decision in accordance with the Medical Staff Bylaws, and an Appellate Review Committee made up of three additional physicians affirmed the Hospital's decision.

On October 2, 1998, Dr. Chalal filed a six-count complaint against the Hospital alleging various federal and state claims, all based on the Hospital's conduct in terminating his medical staff privileges as outlined above. On May 6, 1999, the Hospital filed a Motion for Summary Judgment, based on the Health Care Quality Improvement Act's ("HCQIA") presumption of immunity for "professional review actions" which meet certain due process and fairness requirements. 42 U.S.C. §§ 11101 through 11152. The Hospital subsequently filed an amended summary judgment motion on July 19, 1999, to address the other miscellaneous counts in the plaintiff's complaint. As stated in the separate Memorandum Opinion, Dr. Chalal offered no evidence to rebut the Hospital's presumption of immunity under HCQIA, and the court concluded his complaint was merely an improper attempt to have this court substitute its judgment for that of Dr. Chalal's medical colleagues.

The Hospital filed the present Motion for Attorneys' Fees pursuant to HCQIA's attorneys' fee-shifting provision, 42 U.S.C. § 11113. In support of its motion, the Hospital submitted attorney affidavits and legal bills which reflect that the Hospital incurred $47,844.50 in attorneys' fees and $4,044.90 in expenses, for a total of $51,889.40, in defense of Dr. Chalal's claims.

## DISCUSSION

Congress passed HCQIA in 1986 in order to encourage physician peer review proceedings, which previously had been thwarted by the threat of litigation from disciplined doctors. *Bryan v.*

*James E. Holmes Regional Medical Center*, 33 F.3d 1318, 1321 (11th Cir. 1994).   The statute expressly states that "[t]he threat of private money damage liability under [state and] Federal laws, including treble damage liability under Federal antitrust law, unreasonably discourages physicians from participating in effective professional peer review." 42 U.S.C. § 11101(4).   Accordingly, HCQIA provides limited immunity if a "professional review action" meets certain due process and fairness requirements.   42 U.S.C. § 11111(a)(1).

To further this statutory purpose, Congress included an attorneys' fee provision in HCQIA, which provides as follows:

> In any suit brought against a defendant, to the extent that a defendant has met the standards [for HCQIA immunity] and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.

42 U.S.C. § 11113.

In *Smith v. Ricks*, 31 F.3d 1478 (9th Cir. 1994), the Ninth Circuit Court of Appeals explained that "[t]he policy behind this provision is clear: Congress wanted to encourage professional peer review by limiting the threat of unreasonable litigation expenses." *Smith v. Ricks*, 31 F.3d 1487.   In the *Smith v. Ricks* case, the court affirmed an award of $281,344 in attorneys' fees and $21,777 in expenses under HCQIA's fee-shifting provision, holding as follows: "The district court did not abuse its discretion in characterizing Dr. Smith's claim as without foundation or frivolous. Dr. Smith never produced any evidence suggesting an antitrust violation.   At best, Dr. Smith pointed out some procedural defects in the hearing process." *Smith v. Ricks*, 31 F.3d at 1487.

3

In the present case, Dr. Chalal has similarly produced no evidence to support his various claims. It is readily apparent from arguments filed in response to the Hospital's motions for summary judgment that Dr. Chalal never had any substantive basis upon which to challenge the medical staff's termination of his hospital privileges. To the contrary, it appears to this court that Dr. Chalal filed this litigation simply as an economic threat, hoping the Hospital's medical staff would reconsider its decision instead of undertaking the considerable legal expense necessary to obtain a favorable judgment. This is precisely the type of conduct that HCQIA's fee-shifting provision was designed to discourage.

Not only was his original suit without any foundation, Dr. Chalal subsequently refused to narrow his claims after the court urged his counsel to do so, creating the necessity for the Hospital's counsel to research and brief areas of law (such as antitrust, interference with contractual relations, and outrage) which were patently without evidentiary support. Because Dr. Chalal failed to offer any evidence which might even arguably rebut the Hospital's presumption of immunity under HCQIA, the court concludes that Dr. Chalal's claims were "frivolous, unreasonable, without foundation, [and] in bad faith," 42 U.S.C. § 11113, and accordingly the Hospital's Motion for Attorneys' Fees should be granted.[2]

Attached to plaintiff's Response to Defendant's Evidence in Support of Motion for Attorneys' Fees was the Affidavit of Lindsey Davis, one of plaintiff's counsel. Ms. Davis goes through a number of areas that she asserts represent excessive billing by defendant. She further

---

[2] Because the court finds attorneys' fees are due to be awarded under HCQIA, 42 U.S.C. § 11113, the court does not reach the Hospital's contention that attorneys' fees are also recoverable pursuant to the Medical Staff Bylaws.

argues that the fees charged by defendant's counsel are excessive. Initially the court was inclined to address separately each of Ms. Davis's arguments. Unfortunately, the summary of hours attached to Ms. Davis's Affidavit does not mirror the defendant's invoice attached to Mr. Rowe's Affidavit submitted in support of defendant's Motion for Attorneys' Fees. For instance, the summary attached to Ms. Davis's Affidavit states that Mr. Rowe spent 3.5 hours on March 15, 1999, on the Protective Order. The invoice summary attached to Mr. Rowe's Affidavit reflects the following description for 3.50 hours of Mr. Rowe's time on March 15, 1999:

> Scheduling Conference before Judge Blackburn; report to client; review of letter from client; prepare proposed order.

Similarly, Ms. Davis lists that Mr. Rowe spent 4.5 hours on "work on production" for discovery on March 16, 1999. His actual entry for that date reflects 4.5 hours for:

> Work on production of documents; call to Lindsey Davis re: deposition; receipt and review of Court Order; letter to client; call to Christine Stewart.

In defendant's Reply in Support of its Motion for Attorneys' Fees it states that plaintiff's counsel has filed time records asserting that plaintiff's counsel has spent 174.82 hours through August 31, 1999. At the $150.00 rate claimed by plaintiff's counsel, this would amount to $26,223.00. While there may be some slight excessive billing by defendant's counsel, the court is of the opinion that the majority of the time was necessarily spent responding to Dr. Chalal's frivolous lawsuit which was brought without any foundation in law or fact. Stephen A. Rowe, defendant's lead counsel, is well known to this court and has an excellent reputation. The work of all of defendant's counsel in this case was of very high quality. The court is of the opinion that the hourly rate sought by defendant for its counsel and law clerk work is comparable to fees charged by lawyers and law clerks with comparable experience.

Following a careful review of each entry in defendant's fee request, the Affidavits submitted by defendant, as well as the Affidavit and arguments of Dr. Chalal's counsel, it appears that overall the time expended by defendant's counsel and support staff should be reduced by approximately seven percent. Accordingly, the court will reduce defendant's requested fees by $3,349.15, and award the balance of $44,495.35 in fees to counsel for the defendant, plus expenses in the amount of $4,044.90,[3] for a total amount of $48,540.25.

## CONCLUSION

Based on the foregoing, the Hospital's Motion for Attorneys' Fees under the Health Care Quality Improvement Act is due to be granted. Accordingly, an order granting the same will be entered contemporaneously herewith.

**DONE** this ___31st___ day of March, 2000.

**SHARON LOVELACE BLACKBURN**
United States District Judge

---

[3] The court is of the opinion that the amount sought by defendant for expenses is not due to be reduced.